UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-330-GWU

RONALD WAYNE PHILLIPS,                                                        PLAINTIFF,

VS.                                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                               DEFENDANT.

## INTRODUCTION

Ronald Phillips brought this action to obtain judicial review of the unfavorable portion of a partially favorable administrative decision on his application for Disability Insurance Benefits (DIB).  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity?  If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

1

3.    The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Phillips suffered from impairments related to chronic obstructive pulmonary disease, a hernia, and depression. (Tr. 18). However, none of these problems, alone or in combination, significantly restricted the plaintiff's ability to perform work-related activities during the relevant time period, running from his alleged onset date of June 15, 2007 through December 31, 2007, the date he was last insured for the purposes of DIB

on December 31, 2007. (Tr. 16, 18). Therefore, the claimant could not be considered totally disabled. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Phillips did not suffer from a severe physical impairment during the relevant time period. The medical evidence pertaining to the relevant time frame is very sparse. Dr. Carlos Hernandez reviewed the record and opined that it did not reveal the existence of a "severe" physical impairment during the relevant time period. (Tr. 272). The ALJ gave this opinion "great weight." (Tr. 20). The administrative regulations recognize that state agency medical reviewers are highly qualified experts in Social Security disability determination. 20 C.F.R. § 404.1527(f)(2)(I). These opinions can provide substantial evidence to support an administrative denial decision. Social Security Ruling(SSR) 96-6p.

No treating or examining physician of record identified the existence of specific physical limitations which would support the existence of a "severe" physical impairment. Neither Dr. Hoover Perry (Tr. 222-229, 250-257) nor Dr. Nancy West (Tr. 203-216), each of whom treated Phillips on occasion during the relevant time frame, made such findings. Since no treating or examining physician provided a

contrary opinion, the ALJ had good reason to rely upon the opinion of the non-examining medical reviewer.

Phillips submitted a number of medical records from before the relevant time period, going back to July of 1983 including reports from Columbia Lake Cumberland Hospital (Tr. 150-162, 176-202) and Dr. Dennis Lane (Tr. 163-175). However, these reports also do not identify the existence of specific physical restrictions during the relevant time frame. Dr. Daniel Yanicko (Tr. 217-221) saw the plaintiff after the relevant time period, along with Dr. Perry (245-249), but did not identify specific restrictions which would "relate back" to the pertinent time frame. Therefore, these reports also do not support the plaintiff's disability claim.

Dr. West opined in March of 2009 that Phillips was totally disabled. (Tr. 280). The ALJ rejected the disability opinion of the doctor because he did not believe it was well-supported by objective medical data. (Tr. 20). The ALJ noted that while Dr. West indicated that leg problems related to a past fracture caused him major problems, the plaintiff had in fact worked for many years since fracturing the leg. (Id.). This opinion was also issued almost 15 months after the expiration of the claimant's DIB-insured status, and, so, does not necessarily "relate back" to the relevant time frame. Finally, the court notes that Dr. West's disability opinion was an issue reserved to the Commissioner under the federal regulations and not binding on the ALJ. 20 C.F.R. § 404.1527(e)(1). Therefore,

under these circumstances, Dr. West does not provide support to the plaintiff's disability claim.

The ALJ also dealt properly with the evidence relating to Phillips's mental status.  Psychologists Christi Bruening (Tr. 231) and Jan Jacobson (Tr. 258) each reviewed the record and opined that the plaintiff did not suffer from a "severe" mental impairment.  Bruening noted that the record revealed that the claimant was not taking any medications for mental problems and had received no treatment for mental health issues.  (Tr. 243).  The treatment records from Dr. West (Tr. 203-216) and Dr. Perry (Tr. 222-229), who saw Phillips for his physical complaints, did not indicate the existence of severe mental problems.  Dr. West did not even mention mental health problems in her March, 2009 disability opinion.  (Tr. 280).  Therefore, the ALJ properly determined that the plaintiff's mental problems were not a "severe" impairment.

Phillips asserts that the ALJ erred by failing to consider the combined effects of all of the impairments from which he suffers.  The ALJ specifically indicated that he had considered all of the impairments in combination.  (Tr. 20). He identified pulmonary difficulties, depression, a hernia and leg problems as complaints of the plaintiff and noted reasons why these impairments were not considered to be "severe."  (Tr. 20-21).  An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments

10-330  Ronald Wayne Phillips

in combination in determining that the claimant does not meet the Listings.  Loy v. Secretary of Health and Human Services, 901 F.2d 1306, 1310 (6th Cir. 1990). Therefore, the court must reject the claimant's argument.

Phillips argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Phillips was properly found not to be suffering from a "severe" physical or mental impairment.  Therefore, he cannot meet even the first prong of the so-called Duncan test.  The ALJ noted despite the plaintiff's complaints of leg problems, leg swelling problems were only noted on the medical record on one occasion after the expiration of his DIB-insured status.  (Tr. 20, 229).  While Phillips had a history of tibia and fibula fracture, these had occurred in 1983, well before the relevant time period.  (Tr. 20).  Dr. Yanicko did not impose physical restrictions relating to this problem even in November of 2008.  (Tr. 217-221).  Despite complaints of pulmonary problems, treatment records of the

claimant reported only mild sinus and coughing problems.  (Tr. 215-216, 224). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated the pain complaints of Phillips.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of September, 2011.

Signed By:

*G. Wix Unthank*   *GWU*

**United States Senior Judge**